IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *Plaintiff/Appellee*, | ) | |
| | ) | |
| v. | ) | Case No. 24-4083 |
| | ) | |
| DAI'QUAN JARRVEL LANE, | ) | |
| *Defendant/Appellant.* | ) | |

MOTION TO SUSPEND BRIEFING AND
TO PLACE CASE IN ABEYANCE

Counsel for the appellant, Dai'Quan Lane, move this Court, pursuant to Fourth Circuit Local Rule 12(d), to suspend the current briefing order and to place this case in abeyance for the decision in *United States v. Hunt*, No. 22-4525, which is tentatively scheduled to be argued in October, or another appropriate case, such as *United States v. Brown*, No. 24-4182. In support thereof, counsel states as follows:

1.    The issue in this appeal is whether Mr. Lane's convictions under 18 U.S.C. §§ 922(g)(1) and (o) violate the Second Amendment. In particular, this appeal will require the Court to decide whether an as-applied challenge to that statute is available, and if so, the test for evaluating such a challenge. That same constitutional issue is currently pending before this Court in a number of other cases, including *Hunt*. The decision from this Court in *Hunt* will likely provide much-needed guidance for cases such as this one. Indeed, the Court has already placed at

least one appeal in abeyance for *Hunt*. *See United States v. Bever*, No. 23-4521, Doc. 26 (Aug. 13, 2024).

2.      The Eastern District of Virginia Federal Public Defender's Office has over 30 pending appeals raising the same issue.  The interests of efficiency and docket control would be served by rescinding the current briefing order and placing these other appeals into abeyance.  In contrast, not placing the appeals in abeyance would require our office to file multiple duplicative briefs, and require the government to respond and our office to reply, with a likely a round of supplemental briefing to follow once this Court issues a decision (or decisions) setting out the proper legal standards.  Moreover, due to the sheer number of appeals that our office has pending, we would likely need multiple additional extensions of briefing deadlines in order to submit all those briefs.  We are filing identical abeyance motions in our other appeals where we believe it is the most efficient and appropriate course of action.

3.      Our office has reviewed the records in each of our pending § 922(g)(1) appeals, and we believe that *Hunt* will provide this Court with an opportunity to resolve issues that were left open by the Supreme Court's decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024), and *United States v. Canada*, 103 F.4th 257 (4th Cir. 2024).  We note that the as-applied constitutional issue is also pending in *United States v. Brown*, No. 24-4182, and *United States v. Coe*, No. 24-4111, two other

2

cases where our office represents the appellants and in which the opening briefs have already been filed.  This Court has placed at least one appeal in abeyance for *Brown*. *See United States v. King*, No. 24-4359, Doc. 10 (Aug. 5, 2024).

4.      In accordance with Fourth Circuit Local Rule 27(a), undersigned counsel has informed counsel for the United States of the intended filing of this motion.  The government has stated that it has <u>no objection</u> to placing this appeal in abeyance for *Hunt*, but has informed our office that it would <u>oppose</u> placing the appeal in abeyance for *Brown* and *Coe*.  We believe that *Brown* and *Coe* are more appropriate lead cases due to distinctions from *Hunt* in the procedural posture of the cases—for one thing, the constitutional challenges were raised in the district court in *Brown* and *Coe* but not in *Hunt*—but *Hunt* appears capable of resolving at least some of the issues presented in this appeal.  Counsel note that the briefs in *Brown* and *Coe* will be able to address *Rahimi* and *Canada*, unlike *Hunt*, which was fully briefed before those decisions issued.  Further, *Brown* and *Coe* should be ready for oral argument by the December argument session, in the event that *Hunt* is delayed or does not adequately resolve the constitutional issues pending in this and other similar cases.

For the foregoing reasons, counsel request that the Court rescind the current briefing order and place this appeal into abeyance pending the decision in *United*

*States v. Hunt*, No. 22-4525, *United States v. Brown*, No. 24-4182, *United States v. Coe*, No. 24-4111, or another case if the Court deems it more appropriate.

Respectfully submitted,

GEREMY C. KAMENS
Federal Public Defender
for the Eastern District of Virginia

     s/   Salvatore M. Mancina
Salvatore M. Mancina
Laura J. Koenig
Assistant Federal Public Defenders
Counsel for Appellant
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0800
Sam_Mancina@fd.org
Laura_Koenig@fd.org

August 14, 2024

<u>CERTIFICATE OF COMPLIANCE</u>

1.      This motion has been prepared using Microsoft Word for Office 365 software, Times New Roman font, 14-point proportional type size.

2.      The body of this motion, exclusive of the case caption, title, and signature block, contains no more than 5,200 words, specifically 687 words.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.  If the Court so requests, I will provide an electronic version of the brief and/or a copy of the word or line print-out.


      August 14, 2024                  s/  Salvatore M. Mancina    
         Date                            Salvatore M. Mancina
                                        Assistant Federal Public Defender